UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE MORRIS,<br><br>              Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>              Defendant. | Civil No. 07cv1782 LAB(RBB)<br><br>**REPORT AND RECOMMENDATION RE: DISMISSING PLAINTIFF'S COMPLAINT** |

On September 10, 2007, Plaintiff Annie Morris filed a Complaint [doc. no. 1] against Defendant Michael J. Astrue. The Complaint alleges that Plaintiff applied for Disability Insurance benefits and Supplemental Security Income because she is disabled and no longer able to engage in gainful employment. (Compl. 1.) Nevertheless, Morris alleges her initial application for benefits and her request for reconsideration were denied. (Id.) An administrative hearing was held, and the administrative law judge issued a decision on March 29, 2007, denying Plaintiff's claim. (Id. at 2.) The administrative law judge's denial was thereafter upheld by the Appeals Council. (Id.) Morris contends that the

1  "decision denying benefits was not supported by substantial
2  evidence and an erroneous standard of law was applied in reaching
3  the decision." (Id.)  Plaintiff asks this Court to reverse the
4  Commissioner's determination and order the payment of benefits.
5  (Id.)

6  **I.    Plaintiff's Complaint Should Be Dismissed For Failure to Pay**
7  **       the Filing Fee.**

8        All parties instituting a civil action in a district court of
9  the United States must pay a filing fee of $350.00.  28 U.S.C.A. §
10 1914(a) (West 2006).  The Court may authorize a plaintiff to
11 commence a civil action without prepaying the filing fee if the
12 plaintiff provides an affidavit listing all assets and
13 demonstrating an inability to pay the fee.  28 U.S.C.A. §
14 1915(a)(1) (West 2006).

15       Morris filed an application to proceed in forma pauperis
16 ("IFP") [doc. no. 2] with her Complaint on September 10, 2007.
17 District Judge Larry Alan Burn referred the case, including the IFP
18 motion, to this Court on September 21, 2007.  (Order of Reference
19 [doc. no. 3] 1.)  On October 3, 2007, this Court denied Plaintiff's
20 IFP motion without prejudice because the application she filed was
21 incomplete.  (See Order Denying IFP [doc. no. 4] 1-2.)  Morris was
22 informed that if she wanted to proceed IFP, she must file a
23 complete IFP application by November 15, 2007.  (Id. at 2.)

24       The Court issued an Order to Show Cause [doc. no. 5] on March
25 17, 2008, because Plaintiff had not complied with the Court's Order
26 by filing a renewed IFP motion or paying the filing fee.  As of the
27 date of this Report and Recommendation, Plaintiff still has not
28

filed a complete IFP application, responded to the Order to Show Cause, or taken any other action in this case.

"An action may proceed despite failure to pay the filing fees only if the party is granted IFP status." Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Because Morris has not been granted leave to proceed without prepaying the filing fee, her failure to pay the fee is grounds for the Court to dismiss the present action without prejudice. See id. at 1182; Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (stating that district court has authority to dismiss a nonfrivolous action without prejudice for failure to pay filing fee). The district court should dismiss Plaintiff's Complaint on this basis.

## II. **Plaintiff's Complaint Should Be Dismissed for Failure to Serve Defendant.**

In addition to failing to pay the filing fee, Plaintiff has also failed to properly serve the Defendant. Federal Rule of Civil Procedure 4(m) provides that the plaintiff must serve each defendant with a summons and complaint within 120 days of the complaint being filed. Fed. R. Civ. P. 4(m). If the plaintiff does not effect service in that time, the Court must either dismiss the action without prejudice or order that service be made within a specified time. Id. The Court may extend the time for service of process if the plaintiff shows good cause for the failure to effect service. Id. Plaintiff bears the burden of establishing that good cause exists. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007).

If Plaintiff had been granted leave to proceed IFP in this action, she would have been entitled to have the United States

1  Marshal Service personally serve Defendant with the summons and
2  Complaint.  <u>See</u> 28 U.S.C.A. § 1915(d) (West 2006); Fed. R. Civ. P.
3  4(c)(3).  But because her IFP application was denied, Morris was
4  responsible for personally serving Defendant.  Although more than
5  120 days have passed since the Court denied Plaintiff's IFP
6  application on October 3, 2007, the Court has not been provided
7  with proof of service showing that Defendant either waived service
8  under Rule 4(d) or was served in accordance with Rule 4(i).
9  Accordingly, the district court should dismiss the Complaint
10 pursuant to Rule 4(m) for failure to effect service of process.

**III. Conclusion**

For the reasons set forth above, Plaintiff's Complaint should be dismissed without prejudice.

This Report and Recommendation will be submitted to the United States District Court judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before <u>May 16, 2008</u>.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before <u>May 30, 2008</u>.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: April 30, 2008

_____
Ruben B. Brooks
United States Magistrate Judge

cc:  Judge Burns
     All parties of record